# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 5, 2022

Lyle W. Cayce
Clerk

No. 21-51096
CONSOLIDATED WITH
No. 21-51097
Summary Calendar

_____

United States of America,

*Plaintiff—Appellee*,

*versus*

William Gonzalez-Ramirez,

*Defendant—Appellant*.

_____

Appeals from the United States District Court
for the Western District of Texas
USDC No. 4:21-CR-555-1
USDC No. 4:21-CR-641-1

_____

Before Southwick, Oldham, and Wilson, *Circuit Judges*.

Per Curiam:[*]

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-51096
c/w No. 21-51097

William Gonzalez-Ramirez appeals the sentence imposed following his guilty plea conviction for illegal reentry after deportation, as well as the revocation of the term of supervised release he was serving at the time of the offense.  He argues that 8 U.S.C. § 1326(b) is unconstitutional because it allows a sentence above the otherwise applicable statutory maximum of two years of imprisonment and one year of supervised release based on facts that are neither alleged in the indictment nor found by a jury beyond a reasonable doubt.  Because Gonzalez-Ramirez does not address the validity of the revocation or the revocation sentence, he has abandoned any challenge to them. *See Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993).

Gonzalez-Ramirez has filed an unopposed motion for summary disposition and a letter brief correctly conceding that the issue is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998).  He explains that he has raised the issue only to preserve it for possible further review. Accordingly, summary disposition is appropriate. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).  Gonzalez-Ramirez's motion is GRANTED, and the district court's judgments are AFFIRMED.